*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ADAM NYMAN and SARA NYMAN,

Plaintiffs-Appellants,

v

THOMSON REUTERS HOLDINGS, INC., doing business as WESTLAW,

Defendant-Appellee.

FOR PUBLICATION
September 3, 2019
9:00 a.m.

No. 344213
Wayne Circuit Court
LC No. 17-012847-CB

Before: K. F. KELLY, P.J., and TUKEL and REDFORD, JJ.

REDFORD, J.

In this putative class action primarily alleging violations of the Social Security Number Privacy Act (SSNPA), MCL 445.81 *et seq.*, plaintiffs[1] appeal as of right the trial court's order dismissing their complaint without prejudice. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiffs allege in their complaint they discovered defendant listed the first five digits of their social security numbers on the "public records portal" of a webpage owned by defendant available only to subscribers. Plaintiffs, believing such actions by defendant violated the SSNPA, submitted a written demand letter to defendant, requesting removal of the information and payment of $5,000. Plaintiffs did not allege any actual damages or harm in the letter but requested $5,000 under MCL 445.86(2) because it permitted collection of $1,000 per plaintiff in statutory damages and reasonable attorney fees, which plaintiffs calculated at $3,000. Defendant eventually denied any violation of the SSNPA and refused to pay the requested damages. Plaintiffs responded with this litigation in which they alleged violations of the SSNPA, invasion of privacy, and ordinary negligence.

---

[1] Because the trial court dismissed this case before deciding whether to certify the proposed class, the term "plaintiffs" refers only to Adam and Sara Nyman.

In lieu of answering the complaint, defendant moved for summary disposition under MCR 2.116(C)(8). Defendant argued that plaintiffs failed to plead actual damages and failed to comport with the presuit written demand procedure under MCL 445.86(2), which required a description and proof of the actual damages suffered. Defendant argued further that plaintiffs could not establish that defendant publicly displayed five digits of their social security numbers as defined under MCL 445.82(d). Defendant also made other arguments not relevant in this appeal regarding plaintiffs' alleged failures to plead a claim under the SSNPA. Respecting plaintiffs' alleged torts, defendant argued that those claims required plaintiffs to have pleaded some actual present injury to survive summary disposition, which plaintiffs did not do. Defendant also raised an array of other arguments regarding plaintiffs' tort claims that are not relevant to this appeal.

Plaintiffs countered that the SSNPA allowed them to elect statutory damages of $1,000 as an alternative to pleading and proving actual damages. Plaintiffs also asserted that they generally plead injuries related to their tort claims sufficient to survive summary disposition under the MCR 2.116(C)(8) standard. The trial court agreed with defendant that plaintiffs failed to properly plead as required by the SSNPA and opined that defendant had not publicly displayed the first five digits of their social security numbers. The trial court granted defendant's motion for summary disposition and dismissed plaintiffs' complaint without prejudice. This appeal followed. For the reasons set forth below, we affirm.

## II. STANDARD OF REVIEW

We review de novo a circuit court's summary disposition decision. *Dalley v Dykema Gossett*, 287 Mich App 296, 304; 788 NW2d 679 (2010). "A court may grant summary disposition under MCR 2.116(C)(8) if the opposing party has failed to state a claim on which relief can be granted." *Id*. (quotation marks and brackets omitted). "A motion brought under subrule (C)(8) tests the legal sufficiency of the complaint solely on the basis of the pleadings." *Id*. (citation omitted). All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmoving party. *Id*. at 304-305. "Summary disposition on the basis of subrule (C)(8) should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery." *Id*. at 305 (quotation marks omitted). "Questions of statutory interpretation are also reviewed de novo." *Rowland v Washtenaw Co Road Comm*, 477 Mich 197, 202; 731 NW2d 41 (2007).

## III. ANALYSIS

### A. SSNPA CLAIM

Plaintiffs first argue that the trial court erroneously interpreted the SSNPA to require proof of actual damages. We disagree.

This issue requires us to engage in statutory interpretation. "When construing a statute, this Court's primary goal is to give effect to the intent of the Legislature. We begin by construing the language of the statute itself. When the language is unambiguous, we give the words their plain meaning and apply the statute as written." *Id*. (citation omitted). We must examine the statute as a whole, reading individual words and phrases in the context of the entire

legislative scheme." *Ally Fin Inc v State Treasurer*, 502 Mich 484, 493; 918 NW2d 662 (2018) (quotation marks omitted). "In doing so, we consider the entire text, in view of its structure and of the physical and logical relation of its many parts." *Id*. (quotation marks and citation omitted). Proper statutory interpretation requires: (1) reading the statute as a whole, (2) reading its words and phrases in the context of the entire legislative scheme, (3) while considering both the plain meaning of the critical words and phrases along with their placement and purpose within the statutory scheme, and (4) interpreting the statutory provisions in harmony with the entire statutory scheme. *Bush v Shabahang*, 484 Mich 156, 167; 772 NW2d 272 (2009). "If the language is clear and unambiguous, the plain meaning of the statute reflects the legislative intent and judicial construction is not permitted." *Deruiter v Byron Twp*, 325 Mich App 275, 283; 926 NW2d 268 (2018) (citation omitted). We "must give effect to every word, phrase, and clause and avoid an interpretation that would render any part of the statute surplusage or nugatory." *South Dearborn Envtl Improvement Ass'n, Inc v Dep't of Envtl Quality*, 502 Mich 349, 361; 917 NW2d 603 (2018) (quotation marks and citation omitted).

The SSNPA, in pertinent part, provides that "a person shall not intentionally . . . publicly display all or more than 4 sequential digits of the social security number" of a person. MCL 445.83(1)(a). MCL 445.82(d) defines "publicly display" as

> to exhibit, hold up, post, or make visible or set out for open view, including, but not limited to, open view on a computer device, computer network, website, or other electronic medium or device, to members of the public or in a public manner.

Under MCL 445.86(1), the knowing and intentional violation of MCL 445.83 constitutes "a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $1,000.00, or both." In addition to those potential criminal penalties, the SSNPA permits a person to bring a civil action as follows:

> An individual may bring a civil action against a person who violates [MCL 445.83] and may recover actual damages. If the person knowingly violates [MCL 445.83], an individual may recover actual damages or $1,000.00, whichever is greater. If the person knowingly violates [MCL 445.83], an individual may also recover reasonable attorney fees. Except for good cause, not later than 60 days before filing a civil action, an individual must make a written demand to the person for a violation of [MCL 445.83] for the amount of his or her actual damages with reasonable documentation of the violation and the actual damages caused by the violation. [MCL 445.86(2).]

Plaintiffs claim that the trial court erred by reading the SSNPA to require pleading of actual damages by civil litigants to state a viable claim. Plaintiffs argue that MCL 445.86(2) permits them to elect recovery of statutory damages, and if they did so, they had no obligation to plead or prove actual damages. Defendant argues MCL 445.86(2) must be read in its entirety, and if properly interpreted, the statute requires a plaintiff to plead and prove actual damages. Defendant contends that the allowance of the recovery of statutory damages does not relieve plaintiffs from the requirement to plead and prove that they suffered actual damages. Defendant is correct.

We find nothing ambiguous in the language of the SSNPA. The plain language of MCL 445.86(2) specifies the requirements for bringing a civil action and what damages may be recovered for a knowing violation of MCL 445.83. The first sentence of MCL 445.86(2) allows an individual to bring a civil suit against another person for recovery of actual damages when a defendant has intentionally violated MCL 445.83. The second sentence of MCL 445.86(2) provides recovery of the actual damages suffered by the plaintiff or statutory damages of $1000 if that statutory amount is greater than the plaintiff's actual damages when a defendant has knowingly and intentionally violated MCL 445.83. The third sentence also permits the recovery of reasonable attorney fees when a defendant has knowingly and intentionally violated MCL 445.83.

The first three sentences of MCL 445.86(2), when read together and understood in the context of the statutory scheme, plainly provide for two possible ways to compensate a plaintiff for damages once actual damages have been pleaded and proven: where the defendant has committed an intentional violation of MCL 445.83, actual damages, and more specifically, where the defendant has committed a knowing and intentional violation of 445.83, either actual damages or the statutory $1,000 per violation depending on the quantum of actual damages. MCL 445.86(2) also provides prerequisites for filing a civil action. The plain language of the statute requires a plaintiff to make a written demand that specifies the amount of actual damages supported by reasonable documentation not only of the alleged violation but also the actual damages caused by the violation. Read in its entirety, MCL 445.86(2) plainly sets forth what must be pleaded to recover. Absent pleading actual damages, a plaintiff fails to plead a cause of action for violation of MCL 445.83.

The Legislature has addressed issues related to the protection of consumers in many statutory enactments and has provided for remedies and causes of action where an individual has experienced actual damages. Examples of statutes that require proof of actual damages and permit the recovery of actual or statutory damages, whichever is greater, upon proof of loss, include the Cooperative Identity Protection Act under MCL 445.55(2), the Shopping Reform and Modernization Act under MCL 445.322(2),[2] the Advertisements Act under MCL 445.815(2), and the Joe Gagnon Appliance Repair Act under MCL 445.837(2). The Legislature has also enacted statutes that provide individuals causes of action where actual damages are not a condition precedent to suit. An example is found in the Identity Theft Protection Act under MCL 445.67a(5), which allows a person to sue for recovery of actual damages or alternatively in lieu of actual damages specified statutory damages. Under MCL 445.869(1)(c) of the Retail Installment Sales Act, a person may recover a combination of statutory and actual damages. Examination of these statutory provisions makes clear that the Legislature purposefully sets forth the statutory requirements for pleading and proof of actual damages or expressly specifies that relief may be granted without such pleading and proof.

---

[2] Similar to the statute at bar, under MCL 445.319(2), a buyer must provide a seller notice and evidence of actual loss before bringing a civil action.

The statutory requirement that a written demand must set forth "the amount of . . . actual damages with reasonable documentation of the violation and the actual damages caused by the violation" is not mere surplusage. Logically, if a plaintiff seeking to bring a civil suit under the SSNPA is required to provide a written demand, and that written demand must be accompanied by documentation of actual damages suffered, then that plaintiff must have suffered actual damages and cannot merely elect statutory damages without proof of actual damages. Plaintiffs' reading of MCL 445.86(2) renders nugatory the presuit requirements—an impermissible interpretation violating this Court's well-settled rules regarding statutory interpretation. Contrary to plaintiffs' argument, the requirement in MCL 445.86(2) to plead and prove actual damages does not render the statutory damages provision nugatory. Rather, upon proof of a knowing and intentional violation of MCL 445.83 and proof of some actual damages, even of a small amount, a plaintiff may recover $1,000 in statutory damages. The statute simply does not permit a plaintiff to bring a civil suit alleging only that a defendant violated MCL 455.83 but caused the plaintiff no actual damages.

If the Legislature intended that a plaintiff could plead and prove a per se violation of MCL 445.83 and collect $1,000 in statutory damages, we believe that the Legislature would have so stated. It did not do so. We conclude the plain language of the statute at bar requires pleading and proof of actual damages.

Plaintiffs make two additional arguments as attempts to escape the statutory actual damages requirement. First, plaintiffs argue that they pleaded actual damages in their complaint. We disagree.

"The primary function of a pleading in Michigan is to give notice of the nature of the claim or defense sufficient to permit the opposite party to take a responsive position." *Baker v Marshall*, 323 Mich App 590, 595; 919 NW2d 407 (2018) (quotation marks and brackets omitted). Under MCR 2.111(B)(1), "A complaint must contain '[a] statement of the facts, without repetition, on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend . . . .'" *Dalley*, 287 Mich App at 305, quoting MCR 2.111(B)(1).

In this case, plaintiffs' demand letter said nothing about actual damages. Their complaint alleged violations of the SSNPA, alleged that they were entitled to statutory damages, but no allegations stated that either plaintiff suffered any actual damages from the alleged violations of the Act. After defendant moved for summary disposition, plaintiffs argued that they suffered actual damages because a court could infer from their complaint that they would suffer apprehension of identity theft or some other form of mental anguish constituting injury from which damages might flow including the cost of freezing their credit. Their complaint, however, contains no such allegations or any allegations of specific facts from which defendant could ascertain any actual damages. Although under subrule (C)(8) we must accept well-pleaded factual allegations as true and construe them in a light most favorable to the nonmoving party, we are not permitted to graft onto a pleading allegations a party has not made. Plaintiffs were required to plead actual damages but they failed to do so. The trial court, therefore, did not err by granting defendant summary disposition under MCR 2.116(C)(8).

Plaintiffs also argue that MCL 445.86(2)'s good cause provision provides them an excuse for their failure to plead actual damages. That provision, however, only permits excusing a plaintiff from the requirement of submitting a written demand supported by documentation before bringing suit upon a showing of good cause. The provision provides no exception to a plaintiff's obligation to plead and prove actual damages. Thus, even if plaintiffs had a legally sufficient cause[3] for failing to make a proper presuit written demand supported by documentation of the violation and actual damages, dismissal would still be appropriate under MCR 2.116(C)(8) because plaintiffs failed to plead in any fashion actual damages in their complaint. *Id.*

We hold that a party pursuing a cause of action under MCL 445.86(2) must plead and prove that he or she incurred actual damages. Likewise, under MCL 445.86(2), plaintiffs in the instant case were required to provide defendant a 60-day presuit written demand that complied with the specific statutory prerequisites before they could file a complaint that alleged that they suffered actual damages as set forth in their presuit demand. By failing to plead actual damages in their complaint, plaintiffs failed to plead a viable claim on which relief could be granted, necessitating summary disposition under MCR 2.116(C)(8).

## B. PLAINTIFFS' TORT CLAIMS

Plaintiffs also argue that the trial court improperly dismissed their claims of invasion of privacy and ordinary negligence. We disagree.

There are four different types of "invasion of privacy": "(1) intrusion upon the plaintiff's seclusion or solitude or into his private affairs; (2) public disclosure of embarrassing private facts about the plaintiff; (3) publicity that places the plaintiff in a false light in the public eye; and (4) appropriation, for the defendant's advantage, of the plaintiff's name or likeness." *Puetz v Spectrum Health Hosps*, 324 Mich App 51, 69; 919 NW2d 439 (2018) (quotation marks omitted). Plaintiffs' invasion of privacy claim relies on the second type of invasion of privacy tort—public disclosure of private facts. "A cause of action for public disclosure of embarrassing private facts requires (1) the disclosure of information (2) that is highly offensive to a reasonable person and (3) that is of no legitimate concern to the public." *Doe v Mills*, 212 Mich App 73, 80; 536 NW2d 824 (1995). "[T]he term 'publicity' involves a communication to so many persons that the matter is substantially certain to become public knowledge." *Lansing Ass'n of School Administrators v Lansing School Dist Bd of Ed*, 216 Mich App 79, 89; 549 NW2d 15 (1996), rev'd in part on other grounds 455 Mich. 285 (1997). A defendant does not invade a plaintiff's right of privacy by communicating a fact concerning the plaintiff's private life to a single person or even to a small group of persons. *Id.* In this case, plaintiffs did not allege that defendant

---

[3] Plaintiffs' explanations for good cause regarding their presuit written demand also lack merit. Specifically, they argued that they were unable to calculate actual damages without conducting discovery during litigation. They also state that because defendant denied any statutory violation it would have declined to pay any alleged actual damages. Such reasons fail because the statute specifically requires, except for good cause shown, a written demand to be sent 60 days before filing a civil action. This demand must not only state the person's actual damages but requires reasonable accompanying documentation of the violation and the actual damages.

actually disclosed their private information to persons that made it substantially certain that their social security numbers would become public knowledge. Rather, they alleged that subscribers might be capable of accessing, duplicating, and disseminating that information. Plaintiffs also did not allege that their private information constituted information highly offensive to a reasonable person. Instead, plaintiffs alleged that reasonable persons might find social security number disclosure offensive. As such, plaintiffs failed to allege a claim of invasion of privacy by the public disclosure of embarrassing private facts. Accordingly, the trial court did not err by dismissing this claim without prejudice.

"To establish a prima facie case of negligence, a plaintiff must prove the following elements: (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Chelik v Captiol Transp, LLC*, 313 Mich App 83, 89; 880 NW2d 350 (2015) (citation omitted).

In *Doe v Henry Ford Health Sys*, 308 Mich App 592; 865 NW2d 915 (2014), an error on a hospital website resulted in the private information of certain former patients becoming available to the public on the Internet. *Id*. at 594. "The information made accessible included the patient's name, medical record number, the date of the patient's visit, the location of the visit, the physician's name, and a summary of the visit." *Id*. at 594-595. In the plaintiff's particular case, the patient records disclosed diagnoses of a sexually transmitted disease and alopecia. *Id*. The patients brought a class action lawsuit against the hospital, asserting claims of invasion of privacy and ordinary negligence. *Id*. at 595. The complaint sought "all damages" suffered by the class, and the plaintiffs "advanced a theory of 'presumed damages,' " on the basis of the release of information itself—i.e., the invasion of privacy in and of itself damaged them. *Id*. at 595-596. This Court specifically noted that "there is no indication in the lower court record that the information in question was viewed by a third party on the Internet or that it was used inappropriately." *Id*. at 595 (footnote omitted). The only actual damages identified "were those incurred for the procurement of monitoring to guard against identity theft." *Id*. at 596. The trial court certified the class and denied the hospital's motion for summary disposition. *Id*. On appeal, this Court reversed, agreeing with the hospital that, "in the absence of evidence of present injury to [the] plaintiff's person or property, such damages are not recoverable in negligence . . . or invasion of privacy." *Id*. at 599-600. The panel reasoned that "plaintiff's identity-theft-protection services are not cognizable damages in the absence of a present injury." *Id*. at 600.

This case is similar to *Henry Ford*. Plaintiffs allege that five digits of their social security numbers were available on defendant's website. Plaintiffs, however, did not allege that anyone actually accessed that information or that it was viewed by a third party on the Internet or that anyone used it inappropriately or for some improper purpose. Plaintiffs did not allege that anyone's access resulted in some form of injury to plaintiffs or actual cognizable damages. Indeed, notwithstanding their arguments to the trial court and now on appeal, plaintiffs' complaint lacked allegations that they suffered any harm that gave rise to actual damages proximately caused by defendant's conduct. In *Henry Ford*, this Court explained that "damages incurred in anticipation of possible future injury rather than in response to present injuries are not cognizable under Michigan law." *Id*.

Moreover, because defendant moved for summary disposition under MCR 2.116(C)(8), the trial court necessarily limited its consideration to the allegations in plaintiffs' complaint. The trial court analyzed plaintiffs' allegation of public disclosure and inquired whether plaintiffs suffered any injury giving rise to damages. Plaintiffs' counsel conceded that they had no identifiable actual damages and only surmised that they might have some in the future or find some through discovery. The trial court essentially concluded that defendant did not make plaintiffs' information publicly available because access to the information could only be obtained by subscription to defendant's service. More importantly, the trial court could discern no allegation of injury or harm that caused plaintiffs any actual damages and that their common law claims were dependent on their statutory claims which they failed to properly plead. Like the plaintiff in *Henry Ford*, plaintiffs in this case failed to allege an actual, present injury which they needed to plead to state viable causes of action. Accordingly, the trial court properly granted defendant summary disposition of plaintiffs' invasion of privacy and ordinary negligence tort claims under MCR 2.116(C)(8). Because our decision is dispositive, we decline to consider plaintiffs' remaining arguments.

Affirmed.

/s/ James Robert Redford
/s/ Kirsten Frank Kelly
/s/ Jonathan Tukel